IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JEMILL BANTUM

V.                                          Civil Case No. 2:11-cv-4431-TON

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and MERSCORP
MERITOR SAVINGS BANK and their affiliates
MERITOR FINANCIAL INC. and their affiliates
FIRST AMERICAN TITLE INSURANCE and their affiliates
MELLON MORTGAGE COMPANY and their affiliates
CHASE MORTGAGE COMPANY - WEST and their affiliates
MELLON BANK N.A. and their affiliates
CREDIT BASED ASSET SERVICING AND SECURITIZATION LLC
("C-BASS) and their affiliates
LITTON LOAN SERVICING L.P.
LITTON LOAN SERVICING RESEARCH and development and their affiliates
JP MORTGAGE CHASE Chase Bank and their affiliates
C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES and their affiliates
SERIES 2002-CB1 (U.S. BANK, N.A. TRUSTEE) and their affiliates
PHH MORTGAGE SERVICES and their affiliates
U.S. BANK NATIONAL ASSOCIATION and their affiliates
CITMORTGAGE and their affiliates
LSR PROCESSING
DOCX
LENDER PROCESSING SERVICES


**PLANTIFF'S AMENDED COMPLAINT**

Plaintiff pro se Jemill Bantum sues the Defendants for money damages.

**JURISDICTIONAL ALLEGATIONS**

1.  This is an action from damages in excess of $75,000.

2. At all times materials to this lawsuit, Plaintiff pro se Jemill Bantum was a resident of Pennsylvania Philadelphia County.

3. At all times materials to this lawsuit Defendants were all aware Plaintiff pro se Jemill Bantum was a resident of Pennsylvania Philadelphia County.

4. All act necessary or precedent to the bringing of this lawsuit occurred or accured in Pennsylvania Philadelphia County.

5. This court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

1. On the 15 November 1991, Plaintiff pro se Jemill Bantum entered into a written agreement with Meritor Savings Banks, the original lender. (See Exhibit 6, 7, 8, 9, 10, 11, 12, 13, which are concurrent with the dates listed below).

2. Terms of the Written agreement required Meritor Savings Bank and all other Defendants to deliver Plaintiff's mortgage note and deed of trust together as a perfect chain of a title of a promissory note.

3. Defendant, Meritor Savings Bank promise to continue to deliver through the maturity date 1 December 2021. (see Exhibit 6. payment #3)

4. Meritor Savings Bank transferred mortgage to Mellon Mortgage Company in Denver, Colorado in June 1,1993.

5. Mellon Mortgage Company transferred mortgage to FDIC in July 1993.

6. Chase Mortgage Bank purchased plaintiff's mortgage on October 1, 1999 from Mellon Bank.

7. Mellon Mortgage Company transferred to Chase Manhattan Mortgage Corp. in 2000.

8. Chase Manhattan Mortgage Corp transferred to PHH Mortgage Service, Inc. as a sub-servant for Mellon Bank, N.A. in 2000.

9. PHH Mortgage Servicing Inc. as a subservicing agent transferred to Mellon Bank, N.A. June 16, 2000.

10. PHH Mortgage Services transferred to Litton Loan LP Services as of October 5, 2000

11. Chase Mortgage Company West - formerly known as Mellon Mortgage Company loan transferred to Cendant Mortgage as of June 15, 2000.

12. Assignment of Mortgage Chase Mortgage Company West docketed July 17, 2001 to Chase Mortgage Company West.

13. Chase Manhattan Mortgage Corp. transferred to Credit Base Access Services and Securization July 17, 2001.

14. Credit Base Access Services transferred U.S. Bank Association on June 3, 2002.

15. U.S. Bank is last bank on the record of deed as of October 22, 2001. Plaintiff received a loan modification from Linton Loan on October 22, 2001, which are two different organizations.

16. Forbearance agreement for Litton Loan dated May 27, 2004.

17. Plaintiff continued to pay Litton Loan as agreed through 2010.

18. Plaintiff made payments to the above listed defendants. (see Exhibit 3, 7, 8, 9, 11, 12, 13).

19. As a direct result of the the lack of management in transferring and purchasing of plaintiff's mortgage, plaintiff incurred judgments, liens, and bad credit against her property and name.

## COUNT ONE BREACH OF CONTRACT

Plaintiff pro se Jemill Bantum realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 through 21.

1. On 15 November 1991 Plaintiff and Defendant, Meritor Savings Bank entered into a written agreement which constitutes an enforceable agreement Uniform Commercial Code, Article 9.

2.. Defendants acted as creditors in the suit and their reckless actions while negotiating transactions, overlapping transferring and purchasing of plaintiff's mortgage caused the plaintiff to incur monetary damages against her property and name.

3. Defendants were obligated by the contract to deliver Plaintiff pro se Jemill Bantum mortgage note and deed of trust throughout the maturity date of 1 December 2021, even through the overlapping of transferring and purchasing of plaintiff's mortgage. (see Exhibit 2, 6).

4. Plaintiff performed the contract by making payments to defendants. (see Exhibit 3, 7, 8, 9, 11, 12).

5. Defendants' failure to deliver throughout the entire maturity date 1 December 2021 breached the contract. (see Exhibit 5, 7, 8, 9, 10, 11, 12, 13).

6.      As a direct result of Plantiff pro se Jemill Bantum breach Plaintiff suffered substantial money damages.

WHEREFORE Plaintiff pro se Jemill Bantum demands judgment for money damages against the Defendants, together with such other and further relief as the Honorable Court, may deem proper and just under the circumstances.

## COUNT TWO PROMISSORY NOTE

Plaintiff pro se Jemill Bantum realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 through 21.

1.      In the United States, a promissory note that meets certain conditions is a negotiable instrument regulated by article 3 of the Uniform Commercial Code. Negotiable promissory notes are used extensively in combination with mortgages in the financing of real estate transactions. Promissory notes, or commercial papers, are also issued to provide capital to businesses. However, Promissory Notes act as a source of Finance to the company's creditors and should not injure or cause damages to the property owner.

2.      Plaintiff's original terms and conditions of her mortgage were affected as a result of the defendants reckless actions.

3.      Plaintiff and her credit was affected by the voluminous transfers of her mortgage.

3.      Defendant, Meritor Savings Bank executed and delivered a promissory note on 15 November 1991.

4.      Defendants own and hold the note (see Exhibit 6).

5.      Defendants failed to pay some part of all of the note when payment was due during transfer of the mortgages (see Exhibit 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13).

6.      Defendants owe plaintiff a certain sum based on terms of promissory note (see Exhibits 3, 5, 6).

7.      As a direct result of Plaintiff's promissory note plaintiff suffered substantial money damages.

8.      As a direct result plaintiff lost the secured interest, principal and equity of promissory note in her property.

9.      As a direct result plaintiff lost her secured promissory note and title to her property.

WHEREFORE Plantiff pro se Jemill Bantum demands judgment for money damages against the Defendants, together with such other and further relief as the Honorable Court, may deem proper and just under the circumstances.

### COUNT THREE TORTIOUS INTERFERENCE CONTRACTUAL RELATIONSHIP

Plaintiff pro se Jemill Bantum realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 through 21.

1. On the 15 November 1991, Plaintiff pro se Jemill Bantum entered into a written agreement with Meritor Savings Banks, the original lender. (See Exhibit 6, 7, 8, 9, 10, 11, 12, 13, which are concurrent with the dates listed below).

2. Defendants had knowledge of the identity and location of the Plaintiff property and mortgage. (see Exhibits 1-13).

3. Defendants had knowledge of number of assignments to plaintiff's mortgage in the course of these agreements in the deed of records and continued to recklessly indulge in overlapping transfers and purchasing of plaintiff's mortgage. (See Exhibits 1-13).

4. Plaintiff had no knowledge of the amounts the Defendants paid for Plaintiff transfer assignments of her mortgage.

5. Plaintiff's mortgage is not being held at the original terms and conditions of the mortgage due to the overlapping and voluminous transfers of her mortgage.

6. Defendants intentionally, without justified procurement and without jurisdiction interfered with plaintiff's relationship with her original Lender by assigning themselves directly to her mortgage (see Exhibits 1-13).

7. As a direct and proximate result Plantiff suffered substantial money damages.

WHEREFORE Plantiff pro se Jemill Bantum demands judgment for money damages against the Defendants, together with such other and further relief as the Honorable Court, may deem proper and just under the circumstances.

Respectfully submitted,

*Jemill Bantum*

Jemill Bantum, Pro se Plaintiff

7027 Limekiln Pike

Philadelphia Pa 19138

Dated: Nov 22, 2011

## CERTIFICATE OF SERVICE

I, Jemill Bantum, pro se plaintiff, certify that on _____ , caused a true and

correct copy of the foregoing Amended Complaint to be served upon all parties

via first-class U.S. mail.

*Jemill Bantum*

Jemill Bantum, Pro Se Plaintiff

7027 Limekiln Pike
Philadelphia PA 19138


BRIAN T. FEENEY, ESQ.

feeneyb@gtlaw.com

CHARLES L. ROMBEAU, ESQ.

rombeauc@gtlaw.com

Greenberg Traurig, LLP

2700 Two Commerce Square

2001 Market Street

Philadelphia Pa 19103

Counsel for Defendant First American Title Insurance

JOE NGUYEN, ESQ.

jnguyen@reesmith.com

Reed Smith LLP

2500 One Liberty Place

1650 Market Stree

Philadelphia Pa 19103

Counsel for Defendant Mellon Mortgage Company; Mellon Bank N.A.

RAHUL RAO, ESQ.

rrao@morganlewis.com

MICHAEL S. KRAUT, ESQ.

Morgan Lewis & Bockius LLP

101 Park Avenue

New York NY 10178-0060

Counsel for Defendant U.S. Bank National Association

MARC C. SINGER, ESQ.

msinger@saiber.com

Saiber, LLC

18 Columbia Turnpike, Suite 200

Florham Park, NJ 07932

Counsel for Defendant CITIMORTGAGE

DANIEL S. BERNHEIM, ESQ.

dbernheim@wilentz.com

Wilentz, Goldman & Spitzer

Two Penn Center Plaza, Suite 910

Philadelphia Pa 19102

Counsel for Defendant LSR Processing; Phelan, Hallinan & Schmeig, LLP; Francis S. Halliman


RICK D. DEBLASIS, ESQ.

rdd@lsrlaw.com

CYNTHIA M. FISCHER, ESQ.

Lerner, Sampson & Rothfuss

120 E. 4th Street, Suite 800

Cincinnati, DB 45202

Counsel for Defendant LSR Processing


MARK D. BRADSHAW, ESQ.

mdb@stevenslee.com

Stevens & Lee

17 North Second Street, 16th Floor

Harrisburg Pa 17101

Counsel for Defendant Litton Loan Servicing

WILLIAM A. HARVEY, ESQ.

wharvey@klehr.com

Klehr Harrison Harvey Branzburg & LLP

1835 Market Street, Suite 1400

Philadelphia Pa 19103

Counsel for Defendants Docx; Lender Processing Services


THOMAS I. PULEO, ESQ.

Tpuleo@kmllawgroup.com

KML Law Group PC

701 Market Street, Suite 5000

Philadelphia Pa 19106

Counsel for Defendants Goldbeck McCafferty & McKeever; Joseph A. Goldbeck, Jr.


CHERYL A. KRAUSE, ESQ.

KAREN C. DALY, ESQ.

JUSTIN C. DANILEWITZ, ESQ.

Dechert LLP

Cira Centre, 2929 Arch Street

Philadelphia Pa 19103

Counsel for JPM and MERS

MARK T. POWER

JEFFERY ZAWADZKI

CHRISTOPHER J. HUNKER

488 Madison Avenue

New York NY 10022

Counsel for the Liquidation Trustee of the C-BASS Liquidation Trust

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEMILL BANTUM

V.                                Civil Case No. 2:11-cv-4431-TON

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ET AL.

PLANTIFF'S AMENDED COMPLAINT

**EXHIBIT LIST**

1. Exhibit 1 Deed of Records, Document List City of Philadelphia 03/18/2011

2. Exhibit 2 The Deed on November 15, 1991

3. Exhibit 3 Settlement Statement from IVT (Industrial Valley Title Insurance Company) 14 pages

4. Exhibit 4

    a. Meritor Letter dated December 4, 1991 Preauthorized transfer document 2 pages,
    b. Meritor Letter dated June 9, 1993 transferred from Meritor Mortgage Company East to Mello Mortgage Company in Denver, Colorado as of July 1, 1993
    c. Meritor Payment Book

5. Exhibit 5 Meritor Mortgage Amortization Schedule letter dated 12/03/1991

6. Exhibit 6 Promissory Note dated November 15, 1991 8 pages

7. Exhibit 7

    a. Assignment of Mortgage dated June 1, 1993 by Federal Deposit Insurance Corporation as reciever for Meritor Savings Bank to Mellon Mortgage Company 2 pages
    b. Mellon Bank 07/17/2001 Filed document to the Coty of Philadelphia Records 7 pages
    c. Mellon Mortgage Receipts 13 pages

8. Exhibit 8
    a. Mellon Bank letter dated June 30, 2000 Mellon Mortgage Service Center P.O. Box 5452, Mt Laurel N.J. 08054 Transfer Servicer. <u>Chase Manhatten</u>

<u>Mortgage Corporation June 16, 2000 Present Servicer and PHH Mortgage Services Inc. as subservicing agent for Mellon Bank N.A. Future Server 2 pages June 16, 2000</u>
b. <u>Notice of Assignment, Sale or Transfer of Servicing Rights</u> Document 2 pages
c. PHH Services 6000 Atrium Way Mt. Laurel N.J. 08054 Letter dated October 5, 2000 Transfer from PHH Mortgage Services to Litton Loan Servicing LP 3 pages
d. PHH The Mortgage Service Center 6000 Atrium Way Mt. Laurel N.J. 08054 Customer Account Activity Statement Dated October 20, 2000 Pages 1-7

9. Exhibit 9 Chase Letter November 10, 1999
    a. Chase Mortgage Company Purchased Mellon Mortgage Company (Mellon Mortgage) effective October 1, 1999
    b. Chase Letter dated May 31, 2000 chase Mortgage Company West-FKA Mellon Mortgage Company Loan# 5800094558 Transferred to Cendant Mortgage as of June 15, 2000. 4 page letter
    c. Mellon Bank letter dated June 30, 2000
    d. Assignment of Mortgage Document 7/17/2001 Chase Mortgage Company West to Mellon Bank City of Philadelphia Deparntment of Records 4 pages
    e. Customer's Reciepts 8 pages Chase Manhatten Payments, Chase Manhatten Mortgage Corporation Mortgage Loan history year 1/2000 12 pages

10. Exhibit 10 Assignemnet of Mortgage dated 06/03/2002 Credit Base Asset Servicing and Securitization
    a. U.S. Bank National Association filed document in City of Philadelphia Department of Records 5 pages
    b. Civil Cover Sheet Civil Court of Common Pleas of Philadelphia County Trial Division Credit Based Asset Servicing and Securitization August 22, 2001 3 pages

11. Exhibit 11
    a. Litton Loan (BNY Loan Modification Agreement) made October 22, 2001 2 pages
    b. Litton Loan Servicing L.P. Detail transactionhistory dated 12/5/2001
    c. Litton Loan Payments 51 Customer Receipts 2001 to 2010

12. Exhibit
    a. 12 Reciept 5/27/2004 for Segment Forbearance Agreement 1:10 pm
    b. Western Union Payment of 1500 dollars for Litton Loan forbearance agreement made with Federman and Phelan LLP
    c. Civil Docket Report credit base assetservicing
        i. Case ID# 010901076 Filing date September 12, 2001

        ii. Case ID# 040502562 filing date May 18, 2004 U.S. Bank National Association

13. Exhibit 13 Phelan Hallinan and Schmieg, LLP Letter dated July 24, 2006 2 pages re US National Association as Trustee No. 002562 May 04

Please also see IRS Publications 550 Cat. No. 15093R Investment Income and Expenses (Including Capital Gains and Losses) For use in preparing 2010 Returns 84 pages and IRS Publications 938 (Rev. September 2011) Cat. No. 10647L Real Estate Mortgage Investment Conduits (REMICS) Reporting Information (And Other Collateralized Debt Obligations (CDOs)) 63 pages

See attachment Uniform Commercial Code – Article 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEMILL BANTUM

V.                                                                  Civil Case No. 2:11-cv-4431-TON

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ET AL.

PLANTIFF'S AMENDED COMPLAINT

### COUNT ONE BREACH OF A CONTRACT

Breach of a contract – when one has broken his promise or failed to meet his obligation and duty.
1. Existence of an enforceable contract.
2. Acts of the defendant that constitute his breach of the contract.
3. Damages of the plaintiff resulting from the defendants breach.

### COUNT TWO PROMISSORY NOTE

Promissory note – a negotiable instrument evidencing the existence of a promise to pay money.

Where the promissory note goes the deed of trust must follow.
Deed of trust secures the promissory note.
Both the deed of trust and the promissory note must point to the same party at all times to have a perfection of title.
There must always be a clear and unambiguous chain of a title that is traceable in public records for all parties of interest in the real estate.

1. Defendant executed and delivered a promissory note on a certain date.
2. Defendants own and hold the note.
3. Defendants failed to pay some part or all of the note when the payment was due.
4. Defendant owes plaintiff a certain sum based on the promissory note.

**Federal Rules of Civil Procedure Rule 17(A) Real Party of Interest**

**Carpenter V. Longan, 83 U.S. 16 Wall. 271**
Under U.S. Supreme Court ruling, it is stated that the Promissory Note is the object, and the Deed of Trust is the attachment.

### COUNT THREE TORTIOUS INTERFERENCE OF A CONTRACT RELATIONSHIP

> Tortuous interference – results where the plaintiff is injured as a result of the defendant's interference that results in the breach of plaintiff's contract with another.

1. Existence of a contract.
2. Defendants knowledge of a contract.
3. Defendants intentionally and unjustified procurement of the contract breach.
4. Damages to plaintiff as a direct result.

### CFR Title 12 Banks and Banking
### PART 226 – Truth in Lending (Regulation Z)
### 226.39 Mortgage Transfer Disclosures
### Link to an amendment published at 75 FR 58501, Sept. 24, 2010

(a) Scope. The disclosure requirements of this section apply you any covered person except otherwise provided in this section. For purposes of this section:

(1) A "covered person" means any person, as defined in 226.2(a)(22), that becomes the owner of a existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment, or other transfer, and who <u>acquires more than one mortgage loan in any twelve month period.</u> **For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds the title to the loan or it is assigned to the servicer solely for the administrative convenience of the servicer in servicing the obligation.**

(2) A "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

(b) Disclosure required. Except as provided in paragraph (c) of this section, any person that becomes a covered person as defined in this section shall mail or deliver the disclosures required by this section to the consumer on or before the 30th calendar day following the acquisition date. If there is more than one covered person, only one disclose shall be given and the covered persons shall agree among themselves which covered persons shall comply with the requirements that this section imposes on any or all of them.

(1) Acquisition date. For purposes of this section, the date that the covered person acquired the mortgage loan shall be the date of acquisition recognized in the books and records of the acquiring party.

(2) Multiple consumers. If there is more than one consumer liable on the obligation, a covered person may mail or deliver the disclosures to any consumer who is primary liable.

(c) Exceptions. Notwithstanding paragraph (b) of this section, a covered person is not subject to the requirements of this section with respect to a particular mortgage loan if:

(1) the covered person sells or otherwise transfers or assigns legal title to the mortgage loan on or before the 30th calendar day following the date that the covered person acquired the mortgage loan; or

(2) The mortgage loan is transferred to the covered person in connection with a repurchase agreement and the transferor that is obligated to repurchase the loan continues to recognize the loan as an asset on its own books and records. However, if

the transferor does not repurchase the mortgage loan he acquiring party must make the disclosures required by 226.39 within 30 days aft the date that the transaction is recognized as an acquisition in its books and records.
(d) Content of required disclosures. The disclosures required by this section shall identify the loan that was acquired or transferred and state the following:
(1) The identity, address, and telephone number of the covered person who owns the mortgage loan. If there is more than one covered person, the information required by this paragraph shall be provided for each of them.
(2) The acquisition date recognized by the covered person.
(3) How to reach an agent of party having authority to act on behalf of the covered person (or persons), which shall identify a person (or persons) authorized to receive legal notices on behalf of the covered person and resolve issues concerning the consumer's payments on the loan. However, no information provided is required to be provided under this paragraph if the consumer can use the information provided under paragraph (d)(1) o this section for these purposes. If multiple persons are identified under this paragraph, the disclosure shall provide contact information for each and indicate the extent to which the authority of each agent differs. For purposes of this paragraph (d)(3), it is sufficient if the covered person provides only a telephone number to obtain the address for the agent or other person identified.
(4) The location where transfer of ownership of the debt to the covered person is recorded. However, if the transfer of ownership has not been recorded in public records as the time the disclosure is provided, the covered person complies with this paragraph stating this fact.
(e) Optional disclosures. In addition to the information required to be disclosed under paragraph (d) of this section, a covered person may, at its option, provide any other information regarding the transaction.

## Equitable Tolling
A principle of tort law: a statute of limitations will not bar

(1)The Doctrine of Fraudulent Concealment – if a lender conceals wrongdoing, thereby preventing a borrower from discovering a cause of action, the statute of limitation will be tolled until the date the plaintiff, through due diligence, would have learned of the existence of a claim. The Doctrine of Fraudulent Concealment operates to toll the statute of limitations when a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part.

**Holmberg V. Armbrecht, 327**
U.S. 392, 397(1946) (quoting Bailey V. Glover, 88 U.S. (21 Wall.) 342, 348 (1874); see Maggio V. Gerard Freezer & Ice Co., 824 F.2d 123, 127 (1st Cir. 1987).

## CASES THAT SUPPORT OF PLAINTIFF'S ALLEGATIONS

In a recent case law, it was ruled as follows:

It is the creditor's responsibility to keep a borrower and the Court informed as to who owns the note and mortgage andis servicing the loan, not the borrower's or the Court's responsibility to ferret out the truth...

It is worth repeating as a warning to lenders and servicers that the rules of this Court apply to them. Their private agreements and the frenzied trading market for mortgages do not excuse compliance with Bankruptcy Rules any more than they would justify ignoring the Bankruptcy Code.

**(In re Nosek, 406 B.R. 434, 440 (D.Mass 2009) bankruptcy trial court decision)**

**1. Wells Fargo, Litton Loan v. Farmer, 867 N.Y.S.2d 21 (2008). Wells Fargo does not own the mortgage loan. "Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F .2d, 526 (7th Cir. 1981).**

**2. Mortgage Electronic Registratioon Systems, Inc. v. Chong, 824 N.Y.S.2d 764 (2006). MERS did not have standing as a real party in interest under the Rules to file the motion...The declaration also failed to assert that MERS, FMC Capital LLC or Homecomings Financial, LLC held the Note.**

**3. "Silence can only be equated with fraud where there is legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading." U.S. v. Tweel, 550 F.2d 297 (1977).**

**4. Federal Rule of Civil Procedure 17(a)(1) which requires that "[a]n action must be prosecuted in the name of the real party in interest." See also, In re Jacobson, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); in re Hwang, 396 B.R. 757, 766-67 (Bankr. C.D. Cal. 2008).**

**5. Moore v. Mid-Penn Consumer Discount Co., Civil Action No. 90-6452 U.S. Dist. LEXIS 10324 (Pa. 1991). The court held that, under TILA's Regulation Z, 12 CFR 226.4 (a), a lender had to expressly notify a borrower that he had a choice of insurer.**

**6. Marshall v. Security State Bank of Hamilton, 121 B.R. 814 (Ill. 1990) violation of Federal Truth in Lending 15 USCS 1638(a)(9), and Regulation Z. The bank took a security interestin the vehicle without disclosing the security intersest.**

**7. Solis v. Fidelity Consumer Discount Co., 58 B.R. 983 (Pa. 1986). Any misgivings creditors may have about the technical nature of the requirements should be addressed Congress or the Federal Reserve Board, not the courts. Disclosure requirements for credit sales are governed by 15 U.S.C.S. 1638 12 CFR 226.8(b), (c). Disclosure requirements for consumer loans are governed by 15 U.S.C.S. 1639 12 CFR 226.8(b), (d).**

**8. Carpenter v. Longan, 83 U.S. 16 Wall. 271.**

9. Wells Fargo, Litton Loan v. Farmer, 867 N.Y.S.2d.

10. Wells Fargo v. Reyes, 867 N.Y.S.2d 21.

11. HSBC Bank v. Peabody, 866 N.Y.S.2d 91 EquiFirst

12. Indymas Bank v. Boyd, 880 N.Y.S.2d 224

13. Indymac Bank v. Bethley, 880 N.Y.S.2d 873

14. Landmark National Bank v. Kesler, 289 Kan. 528, 216 P.3d 158 20.LaSalle Bank v. Ahearn, 875 N.Y.S.2d 595

15. Novastar Mortgage, Inc v. Snyder3:07CV 480

16. American Express Co. v. Citizens State Bank, 181 Wis. 172, 194 NW 427

17. United States v. Kis, 658 F.2d, 526 (1977)

18. Stachnik v. Winkel, 394 Mich. 375, 387; 230 N.W.2d 529, 534

19. Heintz v. Jenkins, 514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395

20. Everhome Mortgage Company v. Rowland, No. 07AP-615