IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEMILL BANTUM | : | CIVIL ACTION |
| | : | NO. 11-4431 |
| v. | : | |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC., et al. | : | |
| | : | |

O'NEILL, J.                                                                                           July 23, 2012

**MEMORANDUM**

Plaintiff Jemill Bantum filed her pro se amended complaint against defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Merscorp Meritor Savings Bank, Meritor Financial Inc., First American Title Insurance Company, Mellon Mortgage Company, Mellon Bank N.A., Credit Based Asset Servicing and Securitization, LLC (C-BASS), Litton Loan Servicing, LP,[1] JPMorgan Chase Bank, N.A.,[2] C-Bass Mortgage Loan Asset-Backed Certificates, Series 2002-CB1 (U.S. Bank, N.A. Trustee), PHH Mortgage Services, U.S. Bank National Association, CitiMortgage, LSR Processing, DOCX and Lender Processing Services. Bantum seeks damages based on three claims: (1) breach of contract, (2) "promissory note" and (3) tortious interference with contractual relationship. Jurisdiction is based upon diversity of citizenship.

---

[1] In her amended complaint, plaintiff misidentifies Litton Loan Servicing, LP as "Litton Loan Servicing L.P." and "Litton Loan Servicing Research and Development."

[2] In her amended complaint, plaintiff names as defendants "Chase Mortgage Company-West" and misidentifies JPMorgan Chase Bank as "JP Mortgage Chase." Because defendant JPMorgan notes that Chase West has been merged into JPMorgan, I will treat the claims against "Chase Mortgage Company-West" and "JP Mortgage Chase" as claims against defendant JPMorgan Chase Bank.

I have before me six motions to dismiss, which were filed by: Litton and U.S. Bank; Mortgage Electronic Registration Systems, Inc. and MERSCORP; CitiMortgage; LSR Processing; Lender Processing Services and DOCX; and JPMorgan Chase Bank, N.A., First American Title Insurance Company, Mellon Bank N.A., Mellon Mortgage Company, PHH Mortgage Services, Golbeck McCafferty & McKeever and Joseph A. Goldbeck, Jr.[3]  Also before me are plaintiff's response to the motions and LSR Processing's reply.  For the reasons that follow I will dismiss plaintiff's amended complaint.

## BACKGROUND

On November 15, 1991, plaintiff entered into a mortgage contract with Meritor Savings Bank.  Am. Compl., General Factual Allegations, ¶ 1.[4]

The mortgage contract contained the following applicable provision:

> The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower.  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and the Security Instrument.  There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note.

Pl.'s Ex. 6, Mortgage ¶ 19.  From approximately 1993 to 2002, plaintiff's mortgage was transferred to many of the defendants in a series of transactions.  Am. Compl. ¶¶ 4-14.  As a result, most of the defendants had some interest in plaintiff's mortgage during this time period.

---

[3]  Although not named in plaintiff's amended complaint, Goldbeck McCafferty & McKeever and Joseph A. Goldbeck, Jr. have joined in defendant JPMorgan's motion to dismiss as a precautionary measure since they were named in plaintiff's original complaint.

[4]  In numbering the paragraphs in her amended complaint, plaintiff has numbered each section beginning with the number one.  To avoid confusion, I will cite to the amended complaint by noting the section's heading and then the paragraph number.

However, plaintiff does not allege any facts suggesting that CitiMortgage, First American Title Insurance Company, LSR Processing, Lender Processing Services and DOCX held any interest in plaintiff's mortgage.  In fact, notwithstanding the case caption, these five defendants are not mentioned in plaintiff's amended complaint.  Although her allegations are unclear, it appears that plaintiff contends that the transfers and assignments of her mortgage were improper.  She avers, "[a]s a direct result of the . . . lack of management in transferring and purchasing of plaintiff's mortgage, plaintiff incurred judgments, liens, and bad credit against her property and name." Am. Compl., General Factual Allegations ¶ 19.

Plaintiff brings three claims based on these alleged improper assignments of her mortgage.  First, she contends that defendants breached the mortgage contract causing plaintiff to suffer "substantial money damages."  Am. Compl., Count One ¶¶ 5-6.  Second, she alleges that defendants owe her money based on a promissory note, causing her to lose the "secured promissory note and title to her property."  Am. Compl., Count Two ¶¶ 6, 9.  Finally, plaintiff contends that "[d]efendants intentionally, without justified procurement and without jurisdiction interfered with plaintiff's relationship with her original Lender by assigning themselves directly to her mortgage."  Am. Compl., Count Three ¶ 6.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two-part analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

Where, as here, the plaintiff has filed her complaint pro se, courts will apply "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Notwithstanding the requirement of liberal construction, a pro se plaintiff must still state a claim upon which relief can be granted.  Flores v. Wagner, No. 11-1846, 2011 WL 2681596, at *2 (E.D. Pa. July 8, 2011).

## DISCUSSION

I.     **Breach of Contract Claim**

Plaintiff's breach of contract claim cannot withstand defendants' motions to dismiss because the assignments that plaintiff alleges constitute a breach were expressly permitted by the contract.  Under Pennsylvania law, a plaintiff making a breach of contract claim must allege three elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  Plaintiff contends that defendants breached the contract by the "transferring and purchasing of plaintiff's mortgage."  Am. Compl., Count One ¶ 2.  However, the contract specifically permits assignment.  The mortgage provides, "[t]he Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to the borrower."  Pl.'s Ex. 6, Mortgage ¶ 19.  Thus, in signing the mortgage contract, plaintiff consented to the assignment of her mortgage.  Pl.'s Ex. 6, Mortgage p. 6.

Even construing the allegations in the light most favorable to the plaintiff and noting plaintiff's pro se status, I find that plaintiff has failed to state a claim upon which relief can be granted.  Courts will often grant pro se plaintiffs leave to amend.  Jobe v. Bank of Am., N.A., No. 3:10-CV-1710, 2011 WL 4738225, at *6 (M.D. Pa. Oct. 6, 2011).  However, courts will not

permit amendment if such amendment would be futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, plaintiff has already been granted one opportunity to amend and further amendment would be futile because plaintiff's mortgage expressly permits assignments.  Therefore, I will dismiss her breach of contract claims without leave to amend.

## II.     Promissory Note Claim

Plaintiff's promissory note claim cannot withstand defendants' motions to dismiss because defendants did not promise to pay plaintiff any money in the note.  Plaintiff alleges that "[d]efendants owe plaintiff a certain sum based on terms of promissory note."  Am. Compl., Count Two ¶ 4.  Again, plaintiff's contention is contradicted by the terms of the contract to which she consented.  The first paragraph of the note states, "[i]n return for a loan that I have received, I promise to pay U.S. $34,400.00 . . . plus interest, to the order of the Lender."  Pl. Ex. 6, Note ¶ 1.  Nowhere in the contract does the lender promise to pay plaintiff any sum of money.  Because plaintiff is alleging that defendants owe her money based on the note, her promissory note claim has no merit.  Since plaintiff cannot state a claim that defendants owe her money based on the terms of the note, I will dismiss her promissory note claim without leave to amend.

## III.    Tortious Interference with Contractual Relations Claim

Plaintiff's tortious interference with contractual relations claim cannot withstand defendants' motions to dismiss.  In Pennsylvania, a plaintiff must plead four elements to state a claim for tortious interference with contractual relations:

> (1) a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) absence of privilege or justification on the part of the defendant; and (4) actual

6

legal damage as a result of the defendant's conduct.

CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc, 357 F.3d 375, 384 (3d Cir. 2004).

In her tortious interference with contractual relations claim, plaintiff alleges "[d]efendants intentionally, without justified procurement and without jurisdiction interfered with plaintiff's relationship with her original Lender by assigning themselves directly to her mortgage." Am. Compl. ¶ 6. Plaintiff has not pled facts to support any of the elements of tortious interference. Amendment would be futile because plaintiff cannot plead facts to satisfy the third element, lack of privilege on the part of the defendants. "This absence of privilege or justification on the part of the defendant is otherwise understood as stating that the defendant's conduct was improper." In re 400 Walnut Assocs., L.P., 454 B.R. 60, 77 (Bankr. E.D. Pa. 2011). In this case, defendants' conduct in assigning the loan and collecting payments from plaintiff was clearly not improper because the assignment is expressly permitted by the terms of the contract. Because defendants' conduct was not improper, they did not act without justification and thus plaintiff will not be able to state a claim for tortious interference with contractual relations. Therefore, I will dismiss plaintiff's tortious interference claim without leave to amend.

An appropriate Order follows.